[Cite as *Exum v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-5321.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATTHEW EXUM

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2008-09589

Judge Joseph T. Clark
Magistrate Anderson M. Renick

<u>MAGISTRATE DECISION</u>

{¶1} Plaintiff brought this action alleging that he was assaulted by defendant's employees. The issues of liability and damages were bifurcated and the case proceeded to trial before a magistrate on the issue of liability.

{¶2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the London Correctional Institution (LCI) pursuant to R.C. 5120.16. Plaintiff alleges that on October 8, 2007, LCI employees assaulted him.

{¶3} The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates. Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

{¶4} "(2) Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶5} "(a) Self-defense from physical attack or threat of physical harm;

{¶6} "(b) Defense of another from physical attack or threat of physical attack;

{¶7} "(c)  When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

{¶8} "(d)  When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

{¶9} "(e)  Prevention of an escape or apprehension of an escapee; or

{¶10} "(f)  Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶11}  The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions.  * * * Obviously 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer."  *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102, quoting *Thomas v. Ohio Dept. of Rehab. & Corr.* (1988), 48 Ohio App.3d 86, 89.  (Internal citations omitted.)

{¶12}  Plaintiff testified that the incident occurred on October 8, 2007, as he was returning to his dormitory after receiving pain medication from "pill call."  Plaintiff admitted that he knew he was violating defendant's regulations which required him to swallow any pill immediately after it was issued to him and that he had attempted to conceal a pill in his hand when he was detained by Corrections Officer (CO) Robert Hinson.  Plaintiff testified that Hinson grabbed his left wrist and, without provocation, punched him and forced him to the floor.  According to plaintiff, COs Andrew Goodrich and Kyle Webb assisted Hinson when they lifted plaintiff up and "slammed" him to the floor with such force that it caused plaintiff's head to strike either the floor or another object, resulting in a deep laceration above plaintiff's left ear.

{¶13}  Inmate Jamar Martin testified by deposition that he was walking towards his dormitory when he observed plaintiff and a CO on the floor.  According to Martin, the CO was on top of plaintiff, who had one hand behind his back, and the CO struck plaintiff "behind his head" before plaintiff was placed in handcuffs.  Martin stated

that plaintiff's head also hit a vending machine "or something." After other COs responded to the scene, Martin watched the COs lift plaintiff up from the floor and Martin observed blood on the floor near the vending machine.

{¶14} Hinson testified that he was assigned to a "roving post" when he observed plaintiff walking towards him and acting in a suspicious manner. Hinson observed plaintiff move his left hand to his mouth and thereafter Hinson noticed that plaintiff's left hand remained closed as if he was concealing something. According to Hinson, it was not uncommon for inmates to avoid taking medication as prescribed and to save such medication for barter. Hinson related that he confronted plaintiff, grabbed plaintiff's left wrist, and ordered plaintiff to release what he was holding in his hand. Hinson testified that plaintiff did not comply with his order and that plaintiff threw the pill behind a vending machine while Hinson tried to restrain him. During the struggle, both Hinson and plaintiff fell to the floor behind the vending machine. Goodrich and Webb then arrived to assist Hinson, pulled plaintiff from behind the vending machine, and Webb placed plaintiff in handcuffs. Hinson testified that he did not punch plaintiff and that plaintiff was not slammed onto the floor. Hinson prepared both an incident report and a conduct report following the incident. (Plaintiff's Exhibits 6 and 7.)

{¶15} Both Goodrich and Webb testified that plaintiff appeared to be "wrestling" with Hinson behind the vending machine when they arrived at the scene. Goodrich testified that he heard Hinson order plaintiff to stop resisting. Neither Goodrich nor Webb saw Hinson punch plaintiff and they corroborated Hinson's testimony that plaintiff was not lifted up and slammed onto the floor. Goodrich and Webb submitted an incident report and participated in a use-of-force investigation.

{¶16} The court finds that plaintiff was less than credible in describing the events of October 8, 2007, and that the testimony provided by Hinson, Goodrich, and Webb was more believable. Furthermore, Martin's version of the incident contradicted plaintiff's testimony that the COs "body slammed" him onto the floor. Based upon the

testimony, the court finds that the force used to subdue and restrain plaintiff was not excessive. Accordingly, judgment is recommended in favor of defendant.

{¶17} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
ANDERSON M. RENICK
Magistrate

cc:

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

AMR/dms
Filed August 22, 2011
To S.C. reporter October 13, 2011